UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
PETER HEEBER,

                 Plaintiff,

- against -

POLICE OFFICER WILLIAM BOURGUIGNON,
POLICE OFFICER ROBERT KIESEL,
POLICE OFFICER GREGORY MEYERS,
POLICE OFFICER VINCENT NEGLIA,
POLICE OFFICER THOMAS RUHLE,
POLICE OFFICER JOANNA ARCHER,
and SERGEANT BURTON FRIED,
Individually and in their official capacities,

                 Defendant.
-----------------------------------------------------------------------x

DKT#: *2:11-cv-03404*

**FIRST AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

**VIA ECF**

Plaintiffs, PETER HEEBER, by his attorneys, TREYVUS & KONOSKI, P.C.,

complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1985 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, PETER HEEBER, is a 52-year old male who is a resident of the State of New York and a citizen of the United States.

7. The County of Nassau, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. The County of Nassau, maintains the Nassau County Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, County of Nassau.

9. That at all times hereinafter mentioned, the individually named defendants, POLICE OFFICER WILLIAM BOURGUIGNON, POLICE OFFICER ROBERT KIESEL, POLICE OFFICER GREGORY MEYERS, POLICE OFFICER VINCENT NEGLIA, POLICE OFFICER THOMAS RUHLE, POLICE OFFICER JOANNA ARCHER, and SERGEANT BURTON FRIED individually and in their official capacities were duly sworn police officers of The County of Nassau and the Nassau County Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages and/or practices of the State of New York or the County of Nassau.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by the County of Nassau.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by the County of Nassau.

## FACTS

13. On or about January 15, 2010, the defendant police officers responded to a civilian complaint made by the Plaintiff's neighbor.

14. The nature of the neighbor's complaint was that the Plaintiff allegedly trespassed on the neighbor's property.

15. On or about January 15, 2010, Plaintiff, Peter Heeber, was at his residence located at 136 Forest Avenue, Massapequa, NY, 11758, in the County of Nassau.

16. On or about January 15, 2010, the defendant police officers entered Plaintiff's residence without the permission or consent of the Plaintiff.

17. Once at the Plaintiff's residence, the defendant police officers proceeded to the second floor living room area where the Plaintiff was sitting on his couch.

18. One of the defendant police officers began yelling at the Plaintiff and then told the Plaintiff he was under arrest.

19. In the process of placing the defendant under arrest, at least six defendant police officers, including POLICE OFFICER WILLIAM BOURGUIGNON, POLICE OFFICER ROBERT KIESEL, POLICE OFFICER GREGORY MEYERS, POLICE OFFICER VINCENT NEGLIA, POLICE OFFICER THOMAS RUHLE, POLICE OFFICER JOANNA

ARCHER, and SERGEANT BURTON FRIED, began to kick, punch and strike the Plaintiff about the Plaintiff's head, back, and body.

20. From the time the defendant police officers entered Plaintiff's home, to the time the Plaintiff was handcuffed, the Plaintiff did not make physical contact or attempt to make physical contact with the defendant police officers.

21. From the time the defendant police officers entered Plaintiff's home, to the time the Plaintiff was handcuffed, the Plaintiff did not resist being placed under arrest in any way.

22. As a result of being struck in the head and body the Plaintiff was rendered unconscious. Plaintiff also sustained a fractured rib, fractured vertebrae, and multiple contusions to the head, back, and body.

23. Plaintiff sought medical treatment for his injuries and was hospitalized for nine (9) days as a result of the injuries he sustained.

24. Plaintiff's injuries were caused by the defendant police officers, including POLICE OFFICER WILLIAM BOURGUIGNON, POLICE OFFICER ROBERT KIESEL, POLICE OFFICER GREGORY MEYERS, POLICE OFFICER VINCENT NEGLIA, POLICE OFFICER THOMAS RUHLE, POLICE OFFICER JOANNA ARCHER, and SERGEANT BURTON FRIED.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

27. All of the aforementioned acts deprived plaintiff PETER HEEBER of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of the County of Nassau and the Nassau County Police Department, all under the supervision of ranking officers of said department.

30. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C § 1983

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. That the level of force employed by defendants, including individual defendants POLICE OFFICER WILLIAM BOURGUIGNON, POLICE OFFICER ROBERT KIESEL, POLICE OFFICER GREGORY MEYERS, POLICE OFFICER VINCENT NEGLIA, POLICE OFFICER THOMAS RUHLE, POLICE OFFICER JOANNA ARCHER, and SERGEANT BURTON FRIED, was objectively unreasonable and in violation of the plaintiff's constitutional rights.

33. As a result of the foregoing, the plaintiff suffered multiple bodily injuries, including a fractured rib, a fractured vertebrae, multiple contusions to head, back, and body, and was subjected to substantial pain and suffering. The injuries sustained by the Plaintiff required medical treatment and will require an extended period of time to fully resolve.

## THIRD CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Defendants issued legal process to detain the plaintiff and subject him to an unlawful seizure of his person, to an illegal and unlawful arrest, and to unlawfully subject his property to a search and seizure.

36. Defendants actions were designed to obtain a collateral objective outside the legitimate ends of the legal process.

37. Defendants acted with intent to do harm to PETER HEEBER without excuse or justification.

38. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, plaintiff was put in fear for his safety, was publicly humiliated, and suffered physical injury including substantial pain and suffering, without probable cause.

## DAMAGES AND RELIEF REQUESTED

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. All of the foregoing acts by defendants deprived PETER HEEBER of federally protected rights, including, but not limited to, the right:

    A. Not to be subjected to the use of excessive force;

  B. To receive equal protection under the law.

41. By reason of the aforesaid conduct by defendants, plaintiff PETER HEEBER Requests the following relief:

  A. Compensatory damages in the amount of two million dollars ($2,000,000.00);

  B. Punitive damages in the amount of one million dollars ($1,000,000.00);

  C. Attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements; and

  D. Any further relief as the Court may find just and proper.

**WHEREFORE,** Plaintiff PETER HEEBER demands judgment in the sum of two million dollars ($2,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

Dated: New York, NY
   July 11, 2012

By: _____
BRYAN KONOSKI (BK7563)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832